O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LEE WAULS, <br><br> Petitioner, <br><br> vs. <br><br> TIM BUSBY, Warden, <br><br> Respondent. | CASE NO. CV 12-4667 DMG (RZ) <br><br> ORDER SUMMARILY DISMISSING HABEAS ACTION |

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Because it is clear from the petition in this prison-discipline habeas case that the action is without merit, the Court will dismiss the action summarily and with prejudice.

## I.

## BACKGROUND

During a cell search, prison employees found a forbidden cell phone in an oatmeal can on the ledge next to Petitioner Samuel Lee Wauls's assigned upper bunk. He said the phone belonged to his lower-bunk-assigned cell mate but was found guilty on the

ensuing prison disciplinary charge. Part of his punishment was the loss of 30 days good-time credits towards completion of his sentence.

After unsuccessfully seeking habeas relief in the state courts, Petitioner challenges the guilty finding here on due process grounds. Specifically, he asserts that the hearing officer improperly declined Petitioner's request to call Petitioner's cell mate as a witness. But the hearing officer expressly assumed that the cell mate would have testified just as Petitioner suggested, *i.e.*, that the cell phone belonged to the cell mate, not to Petitioner. The claim is clearly without merit. The hearing officer effectively *did* take the cell mate's proffered testimony into account, but "some evidence" – which requires denial of federal habeas relief – still supports the contrary finding that the cell phone was Petitioner's.

## II.
## STANDARD OF REVIEW

Although Petitioner is not challenging his conviction, the Court nevertheless assesses the Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides in part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254. Under the AEDPA, a federal court shall presume that a determination of factual issues made by a state court is correct, and a petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## III.
## DISCUSSION

Petitioner clearly raises procedural due process concerns. It is unclear, however, whether he limits his claim to procedural concerns only. Accordingly, the Court discusses substantive due process rights as well.

### A.   Procedural Due Process

Petitioner has a liberty interest in the good-time credits that he lost due to the disciplinary proceeding, but the Supreme Court has held that only limited procedural due process rights are required to protect that interest, namely (1) 24 hours' advance written notice of the charges against him, (2) a written statement of the factfinders about the evidence relied upon and the reasons for their decision, and (3) a limited right to present evidence. *Wolff v. McDonnell*, 418 U.S. 539, 564-65, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Petitioner raises the third due process concern, in that his request to call a witness was denied. But in practical effect, the request was granted. The hearing officer stated for the record that he assumed Petitioner's cell mate would have testified as Petitioner suggested. The state courts thus did not unreasonably reject Petitioner's claims to the extent they involve procedural due process. 28 U.S.C. § 2254(d).

### B.   Substantive Due Process

Prison disciplinary proceedings comport with substantive due process if the resulting findings are supported by "some evidence" in the record, *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), bearing sufficient "indicia of reliability." *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" test

is satisfied by "any evidence in the record that could support the conclusion reached by the disciplinary board," even if "no direct evidence" exists; even if the circumstantial evidence is "meager," *Hill*, 472 U.S. at 455-57; and even if the record evidence is in conflict. *In re Powell*, 45 Cal.3d 894, 906 (1988).

Petitioner shows no violation of his substantive due process rights because "some evidence" plainly supports the guilty finding, as the state courts explained in rejecting relief. The cell phone was found in a canister resting on the shelf aligned with the top bunk in Petitioner's cell, and Petitioner was assigned to the top bunk. Those facts alone suffice to render the underlying rejection at least reasonable, whether or not it was correct.

## IV.
## CONCLUSION

For the foregoing reasons, the petition is denied on its merits and the action is DISMISSED WITH PREJUDICE.

DATED: August 13, 2012

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE